UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RIGANNI URRELY,                                                 Index No.:
                                                                1:16-cv-01370-ARR-VMS
                                    Plaintiff,
                       -against-                                 **ANSWER**

AMB MEDICAL SERVICES, P.C., ALAN M. BIGMAN,
M.D., Individually, DAWN BERNSTEIN, Individually,
and JOEL E. HERSHEY, M.D., Individually

                                    Defendants.
-------------------------------------------------------------------X

        Defendants AMB MEDICAL SERVICES, P.C., ALAN M. BIGMAN, M.D.,

Individually, DAWN BERNSTEIN, Individually, and JOEL E. HERSHEY, M.D., Individually

(hereafter collectively referred to as "Defendants"), by their attorneys Rivkin Radler LLP, and

for their Answer to plaintiff RIGANNI URRELY's ("Plaintiff") Complaint (hereafter referred to

as the "Complaint"), allege as follows:

## INTRODUCTION

        1.      Defendants deny the allegation that "Plaintiff has suffered as a result of being

discriminated against and terminated by her employer solely due to her disability (multiple

sclerosis and in retaliation for requesting a reasonable disability." Defendants neither admit nor

deny the remaining allegation set forth in Paragraph 1 of the Complaint, as it does not set forth

an allegation of fact.

## JURISDICTION AND VENUE

        2.      Defendants neither admit nor deny the allegation set forth in Paragraph 2 of the

Complaint, as it does not set forth an allegation of fact, but rather asserts a legal conclusion.

        3.      Defendants neither admit nor deny the allegation set forth in Paragraph 3 of the

Complaint, as it does not set forth an allegation of fact, but rather asserts a legal conclusion.

4.      Defendants neither admit nor deny the allegation set forth in Paragraph 4 of the Complaint, as it does not set forth an allegation of fact, but rather asserts a legal conclusion.

## PROCEDURAL PREREQUISITES

5.      Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 5of the Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 6 of the Complaint.

7.      Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 7 of the Complaint.

## THE PARTIES

8.      Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 8 of the Complaint.

9.      Defendants admit the allegation set forth in Paragraph 9 of the Complaint.

10.      Defendants admit the allegation set forth in Paragraph 10 of the Complaint.

11.      Defendants deny the allegation set forth in Paragraph 11 of the Complaint.

12.      Defendants deny the allegation set forth in Paragraph 12 of the Complaint.

13.      Defendants admit the allegation set forth in Paragraph 13 of the Complaint.

14.      Defendants admit the allegation set forth in Paragraph 14 of the Complaint.

15.      Defendants deny the allegation set forth in Paragraph 15 of the Complaint.

16.      Defendants deny the allegation set forth in Paragraph 16 of the Complaint.

17.      Defendants deny the allegation set forth in Paragraph 17 of the Complaint.

18.      Defendants deny the allegation set forth in Paragraph 18 of the Complaint.

19.     Defendants neither admit nor deny the allegation set forth in Paragraph 19 of the Complaint, as it does not set forth an allegation of fact.

## MATERIAL FACTS

20.     Defendants admit the allegation set forth in Paragraph 20 of the Complaint.

21.     Defendants deny the allegation set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegation set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegation set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the allegation set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegation set forth in Paragraph 25 of the Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief with regard to the allegation that "[o]n or about May 4, 2015, Plaintiff Urrely began to feel sick while at work." Defendants deny the remaining allegation set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegation set forth in Paragraph 27 of the Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief with regard to the allegation set forth in Paragraph 28 of the Complaint.

29.     Defendants admit only to the extent that Plaintiff requested a medical leave of absence until May 12, 2015. Defendants deny the remaining allegation set forth in Paragraph 29 of the Complaint.

30.     Defendants admit the allegation set forth in Paragraph 30 of the Complaint only to the extent that the quoted text represents a portion of what was contained in the May 6, 2015 e-mail.

31.     Defendants admit the allegation set forth in Paragraph 31 of the Complaint.

3

32. Defendants deny the portion of the allegation set forth in Paragraph 32 of the Complaint which provides that "Plaintiff Urrely was thus requesting a short extension of her medical leave of absence as a reasonable accommodation for her disability (Multiple Sclerosis"). Defendants admit the allegation set forth in Paragraph 32 of the Complaint only to the extent that the quoted text represents a portion of what was contained in the May 11, 2015 e-mail.

33. Defendants admit the allegation set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegation set forth in Paragraph 34 of the Complaint.

35. Defendants deny any inference that Plaintiff was terminated by Defendants, but Defendants admit the allegation set forth in Paragraph 35 of the Complaint only to the extent that the quoted text represents a portion of what was contained in the text message.

36. Defendants deny the allegation set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegation set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegation set forth in Paragraph 38 of the Complaint.

39. Defendants admit the allegation set forth in Paragraph 39 of the Complaint only to the extent that the quoted text represents a portion of what was contained in the May 13, 2015 e-mail.

40. Defendants admit the allegation set forth in Paragraph 40 of the Complaint only to the extent that the quoted text represents a portion of what was contained in the May 14, 2015 e-mail. Defendants deny information sufficient to form a belief as to what Courtney Howard, MD stated.

41. Defendants deny the allegation set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegation set forth in Paragraph 42 of the Complaint.

43. Defendants deny the allegation set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegation set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegation set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegation set forth in Paragraph 46 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

47. Defendants deny the allegation set forth in Paragraph 46 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

48. Defendants deny knowledge or information sufficient to form a belief with regard to the allegation set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegation set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegation set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegation set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegation set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegation set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegation set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegation set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegation set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegation set forth in Paragraph 57 of the Complaint.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

58. Defendants, in response to Paragraph 58 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 57 of the Answer as though fully set forth herein.

59.   Defendants deny the allegation set forth in Paragraph 59 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

60.   Defendants neither admit nor deny the allegation set forth in Paragraph 60 of the Complaint, as it does not set forth an allegation of fact.

61.   Defendants deny the allegation set forth in Paragraph 61 of the Complaint.

62.   Defendants deny the allegation set forth in Paragraph 62 of the Complaint.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

63.   Defendants, in response to Paragraph 63 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 62 of the Answer as though fully set forth herein.

64.   Defendants neither admit nor deny the allegation set forth in Paragraph 64 of the Complaint, as it does not set forth an allegation of fact.

65.   Defendants neither admit nor deny the allegation set forth in Paragraph 65 of the Complaint, as it does not set forth an allegation of fact.

66.   Defendants deny the allegation set forth in Paragraph 66 of the Complaint.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

67.   Defendants, in response to Paragraph 67 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 66 of the Answer as though fully set forth herein.

68.   Defendants neither admit nor deny the allegation set forth in Paragraph 68 of the Complaint, as it does not set forth an allegation of fact.

69.     Defendants deny the allegation set forth in Paragraph 69 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

70.     Defendants, in response to Paragraph 70 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 69 of the Answer as though fully set forth herein.

71.     Defendants neither admit nor deny the allegation set forth in Paragraph 71 of the Complaint, as it does not set forth an allegation of fact.

72.     Defendants deny the allegation set forth in Paragraph 72 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

73.     Defendants, in response to Paragraph 73 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 72 of the Answer as though fully set forth herein.

74.     Defendants neither admit nor deny the allegation set forth in Paragraph 74 of the Complaint, as it does not set forth an allegation of fact.

75.     Defendants deny the allegation set forth in Paragraph 75 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

### AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

76.     Defendants, in response to Paragraph 76 of the Complaint, repeat and reallege each and every answer contained in Paragraph 1 through Paragraph 75 of the Answer as though fully set forth herein.

77.     Defendants neither admit nor deny the allegation set forth in Paragraph 77 of the Complaint, as it does not set forth an allegation of fact.

78.     Defendants deny the allegation set forth in Paragraph 78 of the Complaint and further refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

<u>**DEFENDANTS' AFFIRMATIVE DEFENSES**</u>

1. The complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. The complaint is barred in whole or in part to the extent that plaintiff failed to exhaust any administrative prerequisites or other procedural conditions to the commencement of an action.

3. At all times relevant to this action, the employment decisions at issue were made by defendant for legitimate non-discriminatory and non-retaliatory business reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, defendant would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

4. Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful discriminatory and/or harassing conduct by promulgating and enforcing policies against discrimination, harassment, and retaliation, which the plaintiff received, read and

8

understood, and plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities to avoid the alleged harm.

5. The same supervisor(s) who is accused of discrimination/harassment/retaliation hired and/or promoted plaintiff.

6. At all relevant times, defendant followed and enforced its policies against unlawful discrimination, harassment, and retaliation in the workplace.

7. Defendants are not liable for alleged harassing behavior unrelated to a protected characteristic.

8. Plaintiff's claims and the alleged damages are the result of her own culpable conduct.

9. Plaintiff's claims may be barred in whole or in part by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

10. Plaintiff's claims may be barred as a matter of public policy.

11. Plaintiff's punitive damages claim is barred because Defendants at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to plaintiff's or other employees' statutory rights.

12. At all times material to this action and the allegations set forth in the complaint, defendant acted lawfully and in good faith and without any intent to deny plaintiff any rights under federal, state, or local law.

13. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

14. Plaintiff's claims for damages should be denied or reduced due to Plaintiff's failure to mitigate her damages in whole or in part.

15. Plaintiff's demand for wage damages and equitable remedies is barred by after-acquired evidence of her prior misconduct that would have otherwise supported an adverse employment action.

16. Any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

17. Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the job or enjoy the right or rights in question.

18. Plaintiff's claim for damages must be reduced by any compensation Plaintiff has received from unemployment insurance benefits or other collateral sources of income from the time of her discharge to the present.

19. There is no basis for individual liability against ALAN M. BIGMAN, M.D., DAWN BERNSTEIN, and JOEL E. HERSHEY, M.D.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer and affirmative defenses upon revelation of more definitive facts by Plaintiffs and/or upon the Defendants' undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

DATED:      Uniondale, New York
            May 2, 2016

                                Yours, etc.,

                                RIVKIN RADLER LLP
                                *Attorneys for Defendants*


                    By:         _____/s/_____
                                Kenneth A. Novikoff
                                Scott R. Green
                                Jacqueline K. Siegel
                                926 RXR Plaza
                                Uniondale, New York 11556-0926
                                (516) 357-3000